[Crim. No. 10721. Third Dist. Dec. 17, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD ARTHUR BATES, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Augustus E. Noland, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi, Maureen A. Daly and Jana L. Tuton, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—In a trial by the court, defendant was convicted of second degree burglary (Pen. Code, §§ 459, 460). An allegation that in the commission of that offense he "took funds and property of a value exceeding $100,000" (Pen. Code, § 12022.6) was found true. Defendant was sentenced to state prison for the middle term (two years) with a two-year consecutive enhancement based upon the Penal Code section 12022.6 finding. This appeal challenges the propriety of the enhancement under the particular facts of this case.

On November 1, 1979, in the early morning hours, Yreka City Police Officer Ronald Quigley responded to a silent alarm that had been triggered at the Siskiyou County courthouse. He heard the sound of pounding from within and spotted defendant inside the building at a display case which contained specimens of the county's gold nugget collection. Quigley saw tools in defendant's hands and observed him pull a sack from beneath his shirt. The pounding continued followed by the sound of breaking glass. Officers responding to Quigley's call for assistance soon surrounded the courthouse. Defendant departed through the back door and was pursued by officers on foot. Following a chase lasting three to four minutes, defendant was apprehended in the vicinity of the courthouse. As he fled, defendant had dropped a pair of bolt cutters, a glove and a sack containing gold nuggets. All of the stolen gold was immediately recovered. Expert testimony established its value in excess of $100,000.

Penal Code section 12022.6 provides in relevant part: "Any person who *takes*, damages or destroys any property in the commission or attempted commission of a felony, with the intent to cause such taking, damage or destruction, and the *loss* exceeds:...[¶] (b) One hundred thousand dollars ($100,000), the court shall in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the defendant has been convicted impose an additional term of two years...." (Italics added.)

■ Defendant argues that the taking of the gold was of a duration so brief that it constituted nothing more than a temporary dispossession of the county's property and was not, therefore, a "loss" within the meaning of section 12022.6. Unabashed by the paradox, defendant now seeks to benefit from the very police effectiveness which he earlier did his utmost to frustrate, albeit unsuccessfully.

Police interruption of a crime in progress is a fortuity external to defendant and logically does not mitigate his conduct. (Cf. rule 423, Cal. Rules of Court.) Before his apprehension, defendant had managed a taking from the county which constituted a completed theft by larceny of over $100,000 in gold (1 Witkin, Cal. Crimes (1963) Crimes Against Property, § 378, p. 351). The express legislative purpose in calling for enhanced punishment for an enhanced taking is to exact punishment commensurate with the seriousness of the crime (Pen. Code, § 1170). That purpose would not be served by distinguishing among thieves who steal property in excess of $100,000, those who, due to fortuitous cir-

cumstances, are immediately apprehended and those who reach a position of security with their loot. The former are no less culpable merely because they are relatively less successful criminals than the latter. The word "loss," as used in section 12022.6 in the context of the *taking* of property, therefore includes any dispossession which constitutes theft of the victim's property.

The judgment is affirmed.

Regan, J., and Reynoso, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 11, 1981.